UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANKLIN RAMIREZ NAVARRETE,<br><br>Plaintiff,<br>v.<br><br>GEO CORPORATION et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05426-LK-SKV<br><br>ORDER DENYING MOTION TO BLOCK DEPORTATION |

This matter comes before the Court on pro se Plaintiff Franklin Ramirez Navarrete's Motion to Block Deportation. Dkt. No. 10. For the reasons laid out below, the Court denies the motion.

## I. BACKGROUND

From what the Court can gather from the record, Mr. Ramirez is a noncitizen who is or was recently detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center in Tacoma, Washington. Mr. Ramirez filed his original complaint and an accompanying application for leave to proceed *in forma pauperis* ("IFP") on May 9, 2025 in the District of Oregon. Dkt. Nos. 1, 4. On May 14, 2025, United States District Judge Michael J. McShane

ORDER DENYING MOTION TO BLOCK DEPORTATION - 1

ordered the case to be transferred to the Western District of Washington because "Plaintiff is detained in Washington state, the named Defendants presumably reside in Washington state, and the actions or omissions giving rise to this action took place in Washington state." Dkt. No. 6 at 2; *see also* Dkt. No. 1 at 2–3, 10. As such, Judge McShane concluded that "[v]enue is not appropriate in the District of Oregon and is instead appropriate in the Western District of Washington[.]" Dkt. No. 6 at 2 (citing 28 U.S.C. § 128(b)). In the same order, Judge McShane granted Mr. Ramirez's IFP application, Dkt. No. 4, and Mr. Ramirez's motion to approve use of an electronic signature, Dkt. No. 5. Dkt. No. 6 at 1–3.

Mr. Ramirez's complaint is captioned, "Violation the Constitutional Prisoners Medical Rights 6.3 and His Detention Clause." Dkt. No. 1 at 1. Although his allegations are unclear, he appears to challenge the conditions of his confinement. He alleges that he needs a C-PAP machine "to help him sleep normally," dentures, and schizophrenia medication, but ICE has not provided those items to him since he was arrested in Portland, Oregon. *Id.* at 2–3.[1]

Mr. Ramirez also alleges that he was "detained" for "non clear reasons," and there is "no reason for Immigration and Custom enforcement to keep him in custody while he has a pending application for U visa with USCIS at Phoenix, AZ center with receipt # I918 – LIN2031950757[.]" *Id.* at 2–3. He further avers that he "has the right to stay in the state under public law 106-386, Section 701(c)(1)(C)[.]" *Id.* at 4. According to Mr. Ramirez, at his interview, "the immigration officer did not mention . . . any concerns for his litigation at the ninth circuit while Mr. Ramirez has pending application at the United States Citizenship and Immigration Services for U-Visa

---

[1] It is unclear when Mr. Ramirez was arrested. He states that he "has been detained by US immigration custom enforcement on March.18.2025 for non clear reasons while he was interviewed by the immigration custom enforcement on March,4,2025" at an ICE office in Portland, Oregon. *Id.* at 2. He was since transferred to the ICE facility in Tacoma, Washington. *Id.* at 3.

ORDER DENYING MOTION TO BLOCK DEPORTATION - 2

1  application which he filed on 2020[.]" *Id.* at 2. He adds in his declaration that he is "trying to
2  reopen" his Ninth Circuit case with a motion that is "still pending till today." Dkt. No. 3 at 1–2.

3  On May 27, 2025, Mr. Ramirez filed a "Motion to Block Deportation." Dkt. No. 10. In that
4  motion, he states that he was informed on May 21, 2025 that he would be deported on May 22,
5  2025, despite the fact that he "is still in litigation and immigration proceeding with the United
6  States and Immigration Services for his U visa application receipt No. LIN-203-195-0757" and
7  the fact that he "qualif[ies] to remain [in] the [U]nited [S]tates under the civil public law 106-386,
8  Section 701(c)(1)(C)[.]" *Id.* at 1–2.[2]

## II.   DISCUSSION

Even assuming Mr. Ramirez's complaint could be considered to be a habeas petition that is derivative of his underlying deportation order, *see Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1142202, at *11 (N.D. Cal. Mar. 2, 2018), and even assuming that his motion were procedurally appropriate (it is not, *see* LCR 65(b)(1)), it appears that he has been deported already. He indicated in his motion that his date of deportation was May 22, 2025, Dkt. No. 10 at 1, and a search of his A-Number and country of birth[3] in ICE's Online Detainee Locator System yields no results. *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search; Dkt. No. 1 at 8 (A-Number). Mr. Ramirez's motion to block his deportation is therefore moot. *See Abdala v. INS,* 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "for a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."); *Ogunbanke v.*

---

[2] It appears that Mr. Ramirez mailed his motion on May 21, 2025, but the Court did not receive the motion until May 27.

[3] Oral argument in Mr. Ramirez's Ninth Circuit case indicates that his country of birth is Mexico. *Ramirez-Navarette v. Garland*, Case No. 21-605, Oral Argument (Dec. 8, 2023), https://www.ca9.uscourts.gov/media/video/?20231208/21-605/.

ORDER DENYING MOTION TO BLOCK DEPORTATION - 3

*Nielsen*, No. 1:18-CV-00796-NONE-JDP, 2020 WL 730570, at *2 (E.D. Cal. Feb. 13, 2020) ("To the extent that petitioner sought a stay of deportation pending judicial review, his claim is moot because he has already been deported."), *report and recommendation adopted,* 2020 WL 1640028 (E.D. Cal. Apr. 2, 2020).

Even if Mr. Ramirez's claim were not moot, his motion is without merit. A review of the Ninth Circuit docket referenced by Mr. Ramirez reveals that he is subject to an order of removal. *Ramirez-Navarette v. Garland*, Case No. 21-605, Dkt. No. 2 (Aug. 23, 2021) (staying removal during pendency of appeal). On December 27, 2023, the Ninth Circuit denied his petition for review of a Board of Immigration Appeals decision affirming an Immigration Judge's denial of Mr. Ramirez's applications for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.*, Dkt. No. 83 at 1. The court also denied his stay of removal, and the temporary stay of removal in place during the pendency of his appeal expired on February 20, 2024. *Id.* at 1 n.1; *see also id.*, Dkt. No. 84 (Feb. 20, 2024) (mandate). Mr. Ramirez did not appeal the Ninth Circuit order. Instead, over a year later, on April 25, 2025, he filed a motion for miscellaneous relief and a motion to extend the time to file a petition for rehearing. *Id.*, Dkt. Nos. 85, 86. The Ninth Circuit denied those motions on May 5, 2025. *Id.*, Dkt. No. 89. Thus, there is no "ongoing litigation" at the Ninth Circuit, as Mr. Ramirez claims.

While Mr. Ramirez contends that he has applied for a U visa, "[t]he filing of a [U visa petition] has no effect on ICE's authority to execute a final order [of removal, deportation, or exclusion]." 8 C.F.R. § 214.14(c)(1)(ii). And importantly, "[t]he decision whether to remove aliens subject to valid removal orders who have applied for U-visas is entirely within the Attorney General's discretion." *Velarde-Flores v. Whitaker*, 750 F. App'x 606, 607 (9th Cir. 2019). Mr. Ramirez does not argue that his removal order is invalid, that the Attorney General's presumptive refusal to postpone his removal is unlawful, or that any constitutional provision, federal law, or

ORDER DENYING MOTION TO BLOCK DEPORTATION - 4

treaty has been violated by the discretionary decision not to stay his removal.[4] Nor does he identify any cognizable liberty interest in remaining in the country while his application is pending. Therefore, 8 U.S.C. § 1252(g) divests the Court of jurisdiction to intervene. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."); *see also Palacios-Bernal v. Barr*, No. 5:19-CV-01963-RGK-MAA, 2019 WL 5394019, at *3 (C.D. Cal. Oct. 22, 2019). Furthermore, Mr. Ramirez "can still pursue his U-Visa petition from outside the United States." *Ramirez-Campos v. Bondi*, No. 23-849, 2025 WL 545717, at *1 (9th Cir. Feb. 19, 2025); *see also* 8 C.F.R. § 214.14(c)(5)(i)(B).

### III.  CONCLUSION

For the reasons laid out above, Mr. Ramirez's motion is DENIED. Dkt. No. 10.

Dated this 28th day of May, 2025.

*Lauren King*
Lauren King
United States District Judge

---

[4] The Court notes that Mr. Ramirez's reference to Section 701(c)(1)(C) of Public Law 106-386, Dkt. No. 10 at 2, appears to refer to the Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1533 *et seq.* (2000), which is the statutory framework for U visas for certain crime victims. As discussed above, nothing prevents ICE from executing a valid order of removal while a U visa application is pending.

ORDER DENYING MOTION TO BLOCK DEPORTATION - 5